## JOHN M. SCHWARTZ, *d.b.a.* ST. PAUL REALTY COMPANY, v. SEVER NELSON.[1]

June 4, 1954.

No. 36,038.

*Hoffmann, Donahue & Graff,* for appellant.
*Murnane & Murnane,* for respondent.

CHRISTIANSON, JUSTICE.

Action by a real estate broker to recover a commission alleged to be due under an agency to sell defendant's business. The jury re-

---

[1]Reported in 64 N. W. (2d) 773.

turned a verdict for defendant. Plaintiff appeals from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

On February 15, 1950, plaintiff, a real estate broker in the city of St. Paul doing business as St. Paul Realty Company, entered into an exclusive listing agreement with the defendant Sever Nelson. By the terms of the agreement, plaintiff was given the exclusive right to negotiate a sale of Nelson's business which is located at 1174 Arcade street in the city of St. Paul. The subject of the agreement consists of an on-sale liquor establishment; an adjoining restaurant, barbershop, and meat department; and the inventory in stock. The agreement provided that plaintiff should receive a commission if the property was sold during the term of the exclusive listing even though it was sold without plaintiff's aid. On June 26, 1950, approximately four and one-half months after the agreement was signed, Nelson sold the property covered by the exclusive listing agreement to John B. Weinfurtner. Weinfurtner was not introduced to defendant through the efforts of plaintiff. In fact, plaintiff was not aware of defendant's negotiations with Weinfurtner until those negotiations had been consummated.

Plaintiff brought this action claiming that the sale to Weinfurtner occurred during the term of the exclusive listing agreement and that he was therefore entitled to recover a commission out of the sale price. Defendant Nelson denied that the property was sold during the term of the agreement. The duration of the exclusive listing agreement is the sole issue in the case.

The controversy centers around the following provision of the exclusive listing agreement:

"For a valuable consideration I hereby appoint you my sole agent, and give you the exclusive right for a period of ___6___ —— months to negotiate for the sale of and to sell and enter into a contract for the sale of the following described property * * *."

Defendant contends that the space provided to indicate the duration of the exclusive listing was not filled in at the time the instrument was presented to him for his approval and signature. He further

contends that the parties orally agreed that the exclusive listing arrangement was to continue for 60 days only, in which case his sale to Weinfurtner occurred over two months after the plaintiff's right to an exclusive listing had expired. On the other hand, plaintiff claims that the written agreement accurately reflects the arrangement between the parties; that the space provided to indicate the duration of his exclusive listing rights was already filled in when the written agreement was presented to the defendant for signature and provided for a six-month listing at that time; and further that the parties also agreed orally to the six-month term at the time the listing agreement was executed. Though there was also some dispute relative to the provision in the agreement fixing the amount of the commission in the event of a sale, the parties agreed at a pre-trial conference to restrict the trial to the question of the duration of the exclusive listing agreement.

Plaintiff testified at the trial that the six-month provision was filled in at the time defendant signed the agreement. He also testified that he read the contract aloud to Nelson before he presented it for signature. Nelson flatly contradicted this, testifying that the space provided for designating the duration of the exclusive listing was not filled in at the time he signed the agreement and that the parties specifically discussed the duration of the exclusive listing and agreed orally to a 60-day term. Plaintiff and defendant were the only witnesses who testified to the circumstances surrounding the signing of the agreement on February 15, 1950. E. P. McHale, an employee of plaintiff, was also present on that day, but he was deceased at the time of the trial.

■ Plaintiff assigns as error the trial court's denial of his motions for a directed verdict and for judgment notwithstanding the verdict. However, we feel that the trial court was fully justified in refusing to take the case from the jury on the basis of the record before us. Only plaintiff and defendant testified concerning the events that transpired at the time the agreement was executed. The verdict indicates clearly that between the diametrically opposed versions of the facts given by these witnesses, the jury chose to be-

lieve defendant rather than plaintiff. Viewing the testimony in the light most favorable to the jury's finding, the record contains ample evidence in support of the verdict.

■  Over plaintiff's objection, the trial court permitted two real estate brokers to testify that at the time of the agreement in question the generally accepted term for which an exclusive listing agreement was given in the city of St. Paul on this type of property seldom exceeded 90 days. Plaintiff contends that the admission of this testimony violated the terms of the pre-trial order which provided that "the only issue triable was whether or not the exclusive sales contract ran for a period of six months as claimed by the plaintiff or sixty days as claimed by the defendant." Confining ourselves solely to the objection that this testimony violated the pre-trial order, we are unable to agree with the assertion that it did not fall within the area delimited therein. Evidence of the usual and customary duration of listing agreements in the city of St. Paul was highly relevant to the question of which of the two conflicting claims relative to the duration of the listing agreement was more worthy of belief.

On cross-examination plaintiff testified without any objection that the agreement signed by Nelson was the type generally used in the real estate business in St. Paul for the type of property in question. This statement presumably included the six-month duration provision. In the light of this testimony, the evidence offered by defendant of the customary duration of exclusive listing contracts for this type of property was properly admitted for the purpose of contradicting plaintiff's testimony.

Affirmed.